IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CIPRIANO BOTELLO,

    Petitioner,

v.	Civ. No. 19-1217 MV/GBW

RICARDO MARTINEZ, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

    Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua* sponte on Petitioner Cipriano Botello's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *Doc. 1*. From the face of the Petition and its attachments, it appears that all of Petitioner's § 2254 claims are barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Accordingly, the Court ORDERS Petitioner to show cause within thirty (30) days of the issuance of this order as to why his Petition should not be dismissed.

**I.    BACKGROUND**

Petitioner, proceeding pro se and *in forma pauperis*, *see doc. 4*, is a prisoner serving a seventy-two-year sentence in the New Mexico Department of Corrections. *Doc. 1* at 1. He challenges his conviction and the sentence imposed by the State of New Mexico in the Third Judicial District Court, Case No. D-307-CR 2004-00213, raising issues of

1

ineffective assistance of counsel, failure to hold a timely trial, inability of the judge to do her job due to illness, and denial of adequate access to the courts.  *Doc. 1* at 1, 5–10.

The Court has reviewed the Petition and the official record in Petitioner's state court proceedings available to it through the New Mexico Supreme Court's Secured Online Public Access (SOPA).  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting that the Tenth Circuit has the discretion "to take judicial notice of publicly-filed records in [its] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (citation omitted)); *Stack v. McCotter*, 79 F. App'x 383, 391 (10th Cir. 2003) (unpublished) (taking judicial notice of a state court's docket sheet under Fed. R. Evid. 201).

On March 4, 2004, Petitioner was indicted by a grand jury on multiple counts of criminal sexual penetration of a child under the age of thirteen and criminal sexual contact of a minor under the age of thirteen.  A jury convicted him on seven counts and, on August 2, 2006, the Third Judicial District Court entered a judgment as to his conviction and sentence.  *Doc. 1* at 1, 16.  On August 10, 2006, Petitioner appealed to the New Mexico Court of Appeals, which affirmed his conviction and sentence on July 16, 2010.  *Id.* at 2.  Petitioner claims to have appealed to the New Mexico Supreme Court but provides no date for the result of his appeal.  *Id.* at 2–3.  SOPA does not reflect this purported appeal.  Regardless, on November 18, 2010, the New Mexico Court of Appeals issued its final mandate, remanding the case to the Third Judicial District

Court.  Petitioner did not appeal his conviction and sentencing to the U.S. Supreme Court.  *Id.* at 3.

Petitioner filed a series of Motions for Reconsideration in Third Judicial District Court.  The first, filed during his appeal, was dismissed on May 13, 2008.  *Id.* at 3.  A second motion to reconsider sentence was filed on January 7, 2011 and denied on January 19, 2011.  *Id.* at 4–5.  A third request for reconsideration was filed March 16, 2011 and denied on May 10, 2011.  *Id.* at 23.  Petitioner did not appeal from the dismissal or denial of his first two motions for reconsideration but did appeal the denial of the third.  The Court of Appeals dismissed this appeal as untimely and issued its mandate on February 13, 2012.

Petitioner took no further action until April 19, 2016, when he filed a state petition for writ of habeas corpus.  Following several amendments, responses, and a hearing on the merits, the Third Judicial District Court denied the habeas corpus petition on April 11, 2019.  Petitioner petitioned the New Mexico Supreme Court for a writ of certiorari, which denied certiorari on August 21, 2019.  *Id.* at 13.  On December 30, 2019, Petitioner filed the instant federal habeas petition.  *Id.* at 1.

II.   **ANALYSIS**

Petitions for a writ of habeas corpus by persons in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations.  28 U.S.C. § 2244(d).  Section 2244(d)(1) states:

3

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year statute of limitations is subject to statutory tolling. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). *See also Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *Holland v. Florida*, 560 U.S. 631, 638 (2010). To determine the point at which a petitioner's state habeas proceeding is no longer pending, federal courts look to state procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004).

The one-year statute of limitations is also subject equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates

that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Neither ignorance of the law or the limitation period nor inability to obtain legal assistance excuses the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998); *Sanders v. Mahaffey*, 242 F.3d 390, No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. 2000) (unpublished table decision).

Petitioner's claims of ineffective assistance of counsel, failure to hold a timely trial, inability of the judge to do her job due to illness, and denial of adequate access to the courts appear to be time-barred unless there is a basis for equitable tolling. Each of these claims was available to Petitioner when the state district court entered its judgment on August 2, 2006. Therefore, their one-year statutes of limitation began to run, at the latest, on November 19, 2010, the day after the New Mexico Court of Appeals issued its final mandate resolving Petitioner's appeal.[1] *See* 28 U.S.C. § 2244(d)(1)(A). Unless there is grounds for equitable tolling, these statutes of limitations seem to have expired a year later on November 19, 2011 since Petitioner did not file a state habeas petition during this time and the motions for reconsideration that Petitioner did file in

---

[1] The statute of limitations may have started before this upon the New Mexico Supreme Court's issuance of its order as to Petitioner's petition for a writ of certiorari or Petitioner's failure to so petition. Petitioner's petition alleges that the New Mexico Supreme Court denied his petition for a writ of certiorari but does not specific when this occurred.

the district court did not toll the statutes of limitation under Section 2244(d)(2).  *See, e.g.*, *New Mexico v. Munoz*, No. 34,161, 2015 WL 4380370, at *2 (N.M. Ct. App. June 24, 2015) (unpublished) (declining to construe a motion to reconsider as a habeas corpus petition); 28 U.S.C. § 2244(d).[2]

IT IS HEREBY ORDERED that Petitioner show cause **within thirty (30) days of entry of this order** as to why each of the claims in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (*doc. 1*) should not be dismissed as barred by the § 2244(d) statute of limitations.  If Petitioner fails to show cause within the time allowed, the Court may dismiss the Petition without further notice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] Even if Petitioner's motions for reconsideration did toll the statute of limitations, they only would have done so for three hundred and forty-eight (348) days, extending these statutes' expiration dates to November 3, 2012, several years before Petitioner filed his habeas petition in this Court.  Petitioner's first motion for reconsideration would not toll the statutes of limitations because it was filed and adjudicated before the statutes began to run on November 18, 2010.  *See doc. 1* at 3.  His second motion for reconsideration would have tolled these statutes of limitations for thirteen (13) days from January 7, 2011 through January 19, 2011.  *See id.* at 4.  His third motion for reconsideration, including its appeal, would have tolled these statutes of limitations for three hundred and thirty-five (335 days) from March 16, 2011 through February 13, 2012.  Petitioner's state habeas petition did not toll the statutes of limitations for his claims because Petitioner did not file it until April 9, 2016, several years after these statutes of limitation had already expired.