IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CIPRIANO BOTELLO,

    Petitioner,

vs.                                              No. CV 19-01217 MV/GBW

RICARDO MARTINEZ, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Cipriano Botello. (Doc. 1). It appears from the face of the Petition and the attachments submitted by Mr. Botello that his § 2254 claims are barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Accordingly, Mr. Botello was given notice and an opportunity to address the statute of limitations issue; in response, he has failed to demonstrate any basis for tolling the statute of limitations. The Court thus will dismiss the Petition as time barred.

## BACKGROUND

Mr. Botello, who is proceeding pro se and *in forma* pauperis, challenges his conviction and the sentence imposed by the State of New Mexico in Third Judicial District Court, Cause No. D-307-CR 2004-00213 (the "State Case"). The Court has reviewed the Petition and the official record in the State Case through the New Mexico Supreme Court's Secured Online Public Access (SOPA). *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly

1

upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

On March 4, 2004, Mr. Botello was indicted by a grand jury on multiple counts. After a jury trial, Mr. Botello was convicted on 7 counts. Judgment was entered on Mr. Botello's conviction and sentence on August 2, 2006. Doc. 1 at 1. Mr. Botello filed a Notice of Appeal, appealing to the New Mexico Court of Appeals, on August 10, 2006. *Id.* at 2. The New Mexico Court of Appeals affirmed his conviction and sentence on July 16, 2010. It is not clear whether Mr. Botello petitioned either the New Mexico Supreme Court or the United States Supreme Court for review. However, the New Mexico Court of Appeals issued its final Mandate, remanding the case to the District Court on November 18, 2010.

Mr. Botello filed a series of Motions for Reconsideration in his State Case. The first motion to reconsider, filed during his appeal, was dismissed on May 13, 2008. *Id.* at 3. The second motion to reconsider sentence was filed on January 7, 2011 and denied on January 19, 2011. The third request for reconsideration was filed on March 16, 2011 and denied on May 10, 2011. *Id.* at 4-5. Mr. Botello did not appeal from the dismissal or denial of the first two motions. He did, however, file an appeal from the third motion. The Court of Appeals dismissed the appeal as untimely and issued its Mandate on February 13, 2012.

Mr. Botello took no further action in his State Case until April 19, 2016, when he filed a state petition for writ of habeas corpus. *Id.* at 16. Following several amendments, responses, and a hearing on the merits, the state District Court denied the habeas corpus petition on April 11, 2019. Mr. Botello petitioned the New Mexico Supreme Court, which denied certiorari on August 21, 2019. *Id.* at 13.

Mr. Botello filed his § 2254 Petition in this case on December 30, 2019.  In his Petition, Mr. Botello challenges his conviction and sentence in the State Case. *Id.* at 1.  He raises issues of ineffective assistance of counsel, failure to hold a timely trial, inability of the judge to do her job due to illness, and denial of adequate access to the courts. *Id.* at 5-10.

## DISCUSSION

Section 2254 petitions generally must be filed within one year after the defendant's conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The claims asserted by Mr. Botello appear to have been available to him from the time of entry of the original Judgment in his State Case on August 2, 2006.  Doc. 1 at 1, 5-10.  Because the record does not disclose whether Mr. Botello sought review from either the New Mexico Supreme Court or from the United States Supreme Court on direct appeal, it is unclear when Mr. Botello's conviction and sentence became final.  However, using the most recent date, Mr.

Botello's Judgment became final no later than November 18, 2010, when the New Mexico Court of Appeals issued its final Mandate. *Id.* at 2. Accordingly, under § 2244(d)(1)(A), it appears that the one-year statute of limitations on Mr. Botello's federal habeas corpus claims began to run on November 18, 2010.

Although the running of the § 2254 statute of limitations may be tolled by properly filed collateral review proceedings in state court, under New Mexico law, Mr. Botello's motions for reconsideration would not be considered "collateral review proceedings," and thus would not serve to toll the statute of limitations. *See, e.g., State v. Munoz*, No. 34,161, 2015 WL 4380370, at *2 (N.M. Ct. App. June 24, 2015) (declining to construe a motion to reconsider as a habeas corpus petition); § 2244(d)(2). Even assuming *arguendo* that the motions to reconsider tolled the statute of limitations, the proceedings on reconsideration were concluded when the New Mexico Court of Appeals dismissed Mr. Botello's appeal on February 13, 2012. Therefore, the statute of limitations on Mr. Botello's § 2254 claims commenced running no later than February 13, 2012 and expired on February 13, 2013.

In his Petition, Mr. Botello argues that he timely filed the instant case because his State Case "was finally completed August 21, 2019." Doc. 1 at 13-14; Doc. 1-1 at 10. But Mr. Botello did not file his state habeas corpus petition until April 19, 2016, three years *after* the § 2244 limitations period had already expired. As it was not filed within the limitations period, his state habeas proceeding could not, and did not, toll the statute of limitations for purposes of this action. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Holland v. Florida*, 560 U.S. 635, 638 (2010); *Miller v. Marr,* 141 F.3d 976, 977-78.

Accordingly, absent equitable tolling, Petitioner's §2254 claims, which were not presented to this Court until six years after the limitations period had expired, are time barred. Because it

appeared on the face of his Petition that his claims are time barred, the Court issued an Order to Show Cause on April 5, 2021, giving Mr. Botello the opportunity to present grounds for equitable tolling. Doc. 6. Mr. Botello filed a Response to the Order to Show Cause on May 5, 2021, Doc. 7, arguing that his case is extraordinary and should not be dismissed as time barred. *Id.* at 9. As set forth herein, however, none of his arguments is availing.

First, Mr. Botello argues that his three motions for reconsideration tolled the statute of limitations. Doc. 7 at 1-2. But even assuming that this is true, as noted above, the proceedings on reconsideration were concluded on February 12, 2012. Accordingly, the limitations period ran on February 13, 2013, six years before Mr. Botello filed the instant action. Alternatively, Mr. Botello argues the limitations period did not begin to run until after he filed a Petition for Writ of Certiorari in the New Mexico Supreme Court in December 2011. *Id.* at Exhibit A. Under New Mexico rules of procedure, however, such petition would have been untimely because it was filed six months after the Court of Appeals' decision in his case. Rule 12-502(B) NMRA. Indeed, even if the Court were to take this filing into consideration, it was filed eight years before Mr. Botello commenced this action.

Next, Mr. Botello contends that *equitable* tolling is warranted for several reasons, namely: his ignorance of the law and lack of access to legal assistance and materials, including Spanish language assistance; his fear of reaching out for assistance on his filings due to concerns that other inmates might find out about his conviction and label him a sex offender; and the fact that he has claimed throughout his proceedings that he is "actually innocent." Doc. 7 at 3-7. While the Court is sympathetic to Mr. Botello's circumstances, the Tenth Circuit is adamant that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse

prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same). Similarly, Mr. Botello's own choice not to reach out for legal assistance does not constitute extraordinary circumstances beyond his control. *Marsh,* 223 F.3d at 1220. Finally, for the actual innocence exception to apply, Mr. Botello must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). He must also show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *Weaver v. Bear*, 713 F. App'x 744, 746 (10th Cir. 2017). Mr. Botello has not met this burden, as he has not submitted any new reliable evidence that was not presented at trial but instead relies on an argument that he claims he has maintained since trial. Further, he has failed to argue, much less show, that it is more likely than not that a reasonable jury would not have convicted him if the jury had heard any new reliable evidence.

## CONCLUSION

Mr. Botello has presented no basis for the Court to equitably toll the running of the statute of limitations. The Court thus is constrained to dismiss his Petition as barred by the § 2244 (d) statute of limitations.

**IT IS THEREFORE ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Cipriano Botello. (Doc. 1) is **DISMISSED**.

_____
Martha Vázquez
Senior United States District Judge